*Attorney-General, for appellant.*

*Bullitt, Bramlett, for appellees.*

---

## COMMONWEALTH *v.* RUFUS ROGERS, ETC.

**Recognizances—Enforcement of Obligation.**

> Sections 20, 27, 52 and 80, Civ. Code Prac., were enacted for the purpose of enabling the court to enforce obligations on recognizance bonds, although they may not be executed in strict conformity with the statute.

### APPEAL FROM GRAVES CIRCUIT COURT.

June 3, 1873.

OPINION BY JUDGE PRYOR:

Section 26 of the Civil Code of Practice provides that the officer in taking the bail bond shall fix the day of the defendant's appearance not exceeding five days from the arrest unless made in a different county.

Section 27 provides that a deviation from the provisions of this section shall not render the bond invalid. Section 52 provides that after bail is given the justice may for cause extend the time for defendant's appearance not exceeding ten days. This last section still leaves Section 27 in force and only enlarges the power of the magistrate in extending the time after the bond has been executed for the appearance of the party charged. If this construction of the several sections referred to should even admit of doubt Section 80 of the Code provides that if no day be fixed for the appearance of the party, or an impossible day the bond or recognizance shall be considered as binding the defendant to appear and surrender himself for trial within twenty days from the time of giving the bond. These sections of the code were enacted for the express purpose of enabling the courts to enforce such obligations, although they may not be executed in strict conformity to the statute. That the warrant embraced two offenses is no defense to the motion. The magistrate had the right to have the party arrested, and the warrant justified the officer in making the arrest. When brought before the court the accused might have demanded a separate trial or even the right to execute separate bonds, but this he failed to do and we see no reason for disturbing the judgment upon the forfeiture. The judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.

*Rodman, for appellant.*

*Landrum, for appellees.*